**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GEORGE MILLER,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**NEP GROUP, INC., SCREENWORKS LLC, NEP BROADCASTING, LLC, and JOHN DOE,**<br><br>    **Defendants.** | Case No. 15-9701-JAR-TJJ |

## MEMORANDUM AND ORDER

On September 9, 2016, Defendants NEP Broadcasting LLC, NEP Group, Inc., Screenworks, LLC, and Jeffrey Glenn Smith filed their Motion for Summary Judgment (Doc. 70). That same day, Plaintiff George Miller filed a Motion for Sanctions (Doc. 68), in which he argued that Screenworks produced Fed. R. Civ. P. 30(b)(6) corporate representatives for deposition who were not prepared to testify, and that one of the corporate representatives improperly refused to answer questions during the deposition based on the attorney-client privilege. On September 23, 2016, Plaintiff filed his Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment Pursuant to Rule 56 (Doc. 80). In the body of this motion, Plaintiff asks for an extension of time to respond under Fed. R. Civ. P. 56(d) based on his failure to obtain deposition testimony from Screenworks' corporate representatives,[1] and citing the pending motion for sanctions. Inexplicably, Plaintiff did not wait for the Court to rule on this motion. Instead, he proceeded to file a "partial" response to the summary judgment motion. Defendants filed their reply brief on October 14, 2016. Plaintiff has moved for leave to

---

[1] Plaintiff requested relief under Fed. R. Civ. P. 56(f). The rule was amended in 2010 and former (f) was carried forward into (d) of the amended rule. Fed. R. Civ. P. 56 adv. committee notes to 2010 amendments.

file a sur-reply (Doc 89). As described more fully below, given Judge James' recent ruling on the motion for sanctions, and the piecemeal fashion in which the summary judgment motion has been briefed to date, this Court denies Defendants' motion for summary judgment without prejudice and extends the dispositive motions deadline and trial date accordingly. The pending motions for extension of time and for leave to file a surreply are therefore moot.

Plaintiff brings a negligence claim against Defendants stemming from an alleged injury he sustained during the course of his employment while taking down video-related equipment at the Kansas Speedway in Kansas City, Kansas. Plaintiff claims that at the time of his injury, he was not an employee of Defendants NEP Group, NEP Broadcasting, or Screenworks. Defendants claim that Plaintiff was employed by them and, therefore, his exclusive remedy in this case is under the Kansas Workers' Compensation Act. To that end, Defendants' pending motion for summary judgment presents only one issue: "whether Plaintiff's action is barred by the exclusive remedies contained within the Kansas Workers' Compensation Act."[2] Defendants argue in their motion that Plaintiff was employed by Screenworks, which also employed Defendant Smith.

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[3] The decision whether to grant a Rule 56(d) motion lies within the sound discretion of the court.[4] The nonmovant must satisfy several requirements to obtain relief under Rule 56(d). By affidavit, he must explain: (1) why facts precluding summary

---

[2] Doc. 71 at 7.

[3] Fed. R. Civ. P. 56(d); *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

[4] *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).

judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts.[5] "A party may not invoke Rule 56[d] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion."[6]

On August 4, 2016, Plaintiff served Rule 30(b)(6) notices of deposition on Defendant Screenworks. The notices required Screenworks to designate witnesses to testify about sixteen different subjects, many of which relate to employment and workers' compensation issues. Later that month, Screenworks produced its general counsel, human resources manager, and Vice President of Operations. Plaintiff argued in the motion for sanctions that these witnesses failed to adequately prepare for their depositions, or refused to answer questions based on the inappropriate instruction of counsel. Judge James agreed and granted Plaintiff's motion to the extent he sought an order requiring Screenworks to prepare produce the corporate representatives for another deposition on the subject matters at issue. Judge James ordered Screenworks to prepare and produce these deponents by November 18, 2016, and gave Plaintiff until November 30 to file a motion for reasonable expenses incurred in filing the motion for sanctions under Rule 37(a)(5)(C).

As Judge James ruled in her order granting in part the motion for sanctions, Plaintiff has not had a reasonable opportunity to depose Screenworks' corporate representatives on several issues given their lack of preparation and attempts to evade Plaintiff's counsel's questions. The deposition topics included topics relevant to the affirmative defense presented by the motion for

---

[5]*Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[6]*Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quotation omitted).

summary judgment—that Plaintiff's sole remedy is through the Kansas Workers' Compensation Act. Plaintiff's need for this evidence has been established by its motion for sanctions, and by Judge James' Order granting that motion in part. Judge James' Order makes clear the steps to be taken to obtain the information needed to respond to the summary judgment motion.

Depositions of the Screenworks' witnesses are to be conducted by November 18, 2016. Presumably, the parties would want some period of time after that date to obtain deposition transcripts and assess whether they will be useful in briefing summary judgment. Given Plaintiff's demonstrated need for these additional depositions in order to respond to the summary judgment motion, and given the fact that the existing briefing on the motion for summary judgment is incomplete and will require supplementation after these depositions are conducted, the Court finds that denying the motion for summary judgment without prejudice is the proper remedy under Fed. R. Civ. P. 56(d). Although Plaintiff has filed a partial response, he seeks leave to file a supplemental response after the depositions are taken, which would require a supplemental reply brief. In addition to these five briefs, Plaintiff has already sought leave to file a surreply. Rather than expand the scope of briefing far beyond that contemplated by the Court's local rules, the better course is to begin again once Screenworks' depositions are complete. The parties are granted an extension of the dispositive motions deadline until December 30, 2016. The trial date is continued to July 18, 2017.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants NEP Broadcasting LLC, NEP Group, Inc., Screenworks, LLC, and Jeffrey Glenn Smith's Motion for Summary Judgment (Doc. 70) is **denied without prejudice**. The dispositive motions deadline is reset for **December 30, 2016**, and the trial date is continued to **July 18, 2017 at 9:00 a.m.**

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff filed his Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment Pursuant to Rule 56 (Doc. 80) Motion for Leave to File a Sur-reply (Doc 89) are **moot**.

**IT IS SO ORDERED.**

Dated: November 14, 2016

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE