IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GEORGE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9701-JAR |
| | ) | |
| NEP GROUP, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Award of Expenses (ECF No. 94). Pursuant to Fed. R. Civ. P. 37(a)(5), Plaintiff requests an award of his expenses in the amount of $9,035 related to the filing of his earlier motion for sanctions. In his motion for sanctions, Plaintiff claimed that four of Defendant Screenworks' Rule 30(b)(6) designated witnesses were inadequately prepared for their depositions, or refused to answer questions based on the inappropriate instruction of defense counsel. The Court granted in part and denied in part Plaintiff's Rule 37 motion for sanctions on October 28, 2016. The Court denied Plaintiff's request to strike Screenworks' affirmative defenses, but granted the alternative request to require Screenworks to produce prepared corporate representatives for deposition or re-deposition at Screensworks' cost. The Court further indicated that it would subsequently consider whether an award of Plaintiff's reasonable expenses under Fed. R. Civ. P. 37(a)(5)(C) was warranted, and set a deadline for Plaintiff to file his motion. Plaintiff timely filed his Motion for Award of Expenses on November 22, 2016.

Screenworks responds that it has fully complied with this Court's Memorandum and Order by re-producing its corporate representatives Naccarato, Lawrence, and Hoyle for their

respective depositions before the November 18, 2016 deadline. Screenworks asks the Court to deny Plaintiff's motion for expenses, arguing that an award of Plaintiff's expenses for filing the motion would not only condone Plaintiff's failure to confer before filing its motion for sanctions, but would also serve to incentivize such noncompliance in the future. It also argues that the amount of expenses requested is unreasonable as it includes counsel's time spending reviewing deposition transcripts and preparing an excessively lengthy 26-page memorandum in support of the motion for sanctions.

Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel discovery "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[1] Counsel for Plaintiff has filed affidavits, the fee agreement with Plaintiff, and billing statements itemizing the time spent by two attorneys and a paralegal preparing Plaintiff's Rule 37 motion for sanctions. The Court thus considers (1) whether an award of Plaintiff's reasonable expenses incurred in filing his motion for sanctions under Fed. R. Civ. P. 37(a)(5)(C) is warranted and (2), if so, what amount of those reasonable expenses should be apportioned to Screenworks.

First, the Court finds that an award of Plaintiff's reasonable expenses incurred in filing his motion for sanctions is warranted. Plaintiff's Rule 37 motion for sanctions was necessitated by the conduct of Defendant Screenworks' counsel. As the Court found in its Memorandum and Order, defense counsel's repeated objections during Naccarato's deposition—that the questions sought information and/or facts obtained through conversations with counsel—were improper and inaccurate assertions of the attorney-client privilege. This, along with defense counsel's interjection of other improper speaking objections and instructions to Naccarato not to answer

---

[1] Fed. R. Civ. P. 37(a)(5)(C).

throughout the *entire* line of questioning regarding the factual basis for Screenworks' affirmative defenses and supplemental answers to interrogatories, denied Plaintiff the ability to obtain factual information regarding the requested Subjects from Screenworks' designated 30(b)(6) witness.

The Court further found Screenworks' designation and production of Naccarato as its Rule 30(b)(6) witness to testify on certain Subjects, when Naccarato was clearly not prepared to answer questions on these Subjects, was "tantamount to a failure to appear at a deposition" and therefore constituted sanctionable conduct under Rule 37(d)(1)(A). The Court also found Screenworks failed to adequately prepare two of its other Rule 30(b)(6) representatives, HR manager Lawrence and VP of Operations Hoyle, so that they could give complete, knowledgeable, and binding answers on behalf of Screenworks on the designated Subjects.

Second, the Court is not persuaded by Screenworks' argument that Plaintiff's motion for sanctions and related expenses could have been avoided if Plaintiff had conferred before filing his motion. The Court considered this same failure-to-confer argument in ruling on Plaintiff's motion for sanctions and concluded the interests of justice would be best served by taking up the merits of Plaintiff's motion. The Court specifically excused Plaintiff's failure to confer, citing the unique circumstances of the case. Furthermore, from the tenor of the repeated exchanges between counsel during the disputed Rule 30(b)(6) depositions and in the briefing on the motion for sanctions, the Court does not find, as Screenworks suggests, that requiring Plaintiff to confer with Screenworks' counsel would have resulted in the resolution of all the issues. Notably, even after Plaintiff filed his motion for sanctions citing compelling authority substantiating the improper deposition objections by Screenworks' counsel, Screenworks maintained its vigorous opposition to the motion.

Having determined that an award of Plaintiff's reasonable expenses is warranted, the Court next proceeds to determine what amount of Plaintiff's expenses to apportion to Screenworks. The Court has reviewed the briefing, affidavits, billing statements, and other documentation supporting Plaintiff's requested amount of expenses and considered the arguments raised in Screenworks' response in opposition to the motion for an award of expenses. The Court has also considered the various factors set forth in Rule 1.5(a) of the Model Rules of Professional Conduct, as adopted by the Kansas Supreme Court,[2] which are to be used in determining the reasonableness of a lawyer's fee. Based upon its review, the Court concludes that a reduction of the $9,035 amount requested is justified.

In determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing.[3] The court must also analyze whether the applicant has exercised "billing judgment," and may reduce the number of hours devoted to specific tasks if the number of hours claimed by counsel includes hours that were "unnecessary, irrelevant, and duplicative."[4] When performing such an adjustment, the court need not identify and justify each disallowed hour but need only articulate reasons for a general reduction of hours needed to arrive at a reasonable number of hours.[5]

---

[2] The District of Kansas has adopted the Model Rules of Professional Conduct as adopted by the Kansas Supreme Court. *See* D. Kan. Rule 83.6.1(a).

[3] *Rogers v. Bank of Am., N.A.*, No. 13-1333-CM, 2014 WL 6632944, at *3 (D. Kan. Nov. 21, 2014).

[4] *Id.* at *2 (quoting *Carter v. Sedgwick Cty., Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

[5] *Id.* (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998)).

Plaintiff's counsel included extensive time on briefing and time spent on activities that would have been performed even if no motion to compel was necessary, such as reviewing deposition transcripts. There is also overlapping and duplicitous time spent reviewing work performed by other attorneys at the full billing rate. After taking these circumstances into consideration, the Court concludes that awarding Plaintiff his reasonable expenses, including attorneys' fees, in the amount of $2,500.00 is a reasonable apportionment.

Finally, the Court considers who is responsible for payment of the expenses incurred by Plaintiff. To the extent possible, an award of fees and expenses under Rule 37(a)(4) should be imposed only upon the person or entity responsible for the conduct giving rise to the award.[6] In the event the Court determines that the party's attorney rather than the party itself is responsible, the award should be paid by the attorney's law firm rather than the individual attorney.[7] Here, there is no indication that Screenworks was responsible for the improper objections asserted by its attorney during the depositions or for the failure to properly prepare its Rule 30(b)(6) witnesses. The Court therefore finds that the expenses must be paid by defense counsel's law firm.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Award of Expenses (ECF No. 94) is granted in part and denied in part. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is hereby awarded the amount of $2,500.00 as his reasonable expenses, including attorneys' fees, that he incurred in making his prior Motion for Sanctions. This sum shall be paid by defense counsel's law firm and shall be paid to Plaintiff within **ten (10) days** of the date

---

[6] *Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 666 n.36 (D. Kan. 2004); *Kansas Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003).

[7] *Kansas Wastewater,* 217 F.R.D. at 532 n.28 (holding law firm rather than individual attorneys responsible for payment of fees and expenses awarded under Rule 37(a)(4)); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (same).

of filing of this Order. A receipt or affidavit showing that such payment has been made shall be filed at the time of payment.

**IT IS FURTHER ORDERED THAT** Defendant Screenworks' request for oral argument is DENIED.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, this 19th day of December, 2016.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge